UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>ARMIDA RUELAS,<br><br>   Defendant. | Case No. 18-CR-00048-LHK-7<br><br>**ORDER DENYING COMPASSIONATE RELEASE**<br><br>Dkt. No. 235 |

Defendant Armida Ruelas ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at Federal Correctional Institution Dublin ("FCI Dublin"). Defendant moves for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release. ECF No. 235 ("Mot."). On April 5, 2021, the government filed an opposition to Defendant's motion. ECF No. 240 ("Opp'n."). On April 21, 2021, appointed counsel for Defendant filed a reply. ECF No. 247 ("Reply"). For the reasons set forth below, the Court DENIES Defendant's motion for compassionate release.

**I.     LEGAL STANDARD**

18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A

defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on her behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The statute governing motions for sentence reductions, 18 U.S.C. § 3581(c)(1)(A), requires that courts "consider[] the factors set forth in section 3553(a)." Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2).

**II.     DISCUSSION**

In analyzing whether a defendant is entitled to compassionate release under 18 U.S.C.

§ 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements. First, a defendant must exhaust her administrative remedies. Second, a defendant must establish that the § 3553(a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020). Third, a defendant must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, the government concedes that Defendant has exhausted her administrative remedies and therefore satisfies the first requirement under Section 3582. Opp'n at 2. Thus, only the second two requirements are at issue in the instant case.

**A. Defendant fails to demonstrate extraordinary and compelling reasons justifying compassionate release.**

At the time of Defendant's sentencing on November 27, 2019, Defendant was 44 years old. Presentence Investigation Report ("PSR") ¶ 102, ECF No. 179. Defendant's PSR states that Defendant had a heart attack in 2014 and suffers from congestive heart failure. *Id.* ¶ 103. Defendant noted that she was prescribed a heart medication upon being arrested for the instant offense. *Id.* Defendant's PSR also states that Defendant has a thyroid problem, gallbladder issues, depression, bipolar disorder, anxiety, and a history of substance abuse. *Id.* ¶¶ 103-109.

Defendant's current age of 45 does not place her in a high-risk age group for severe COVID-19 illness, and Defendant does not contend otherwise. Mot. In fact, the Centers for Disease Control ("CDC") state that the risk of getting severely ill from COVID-19 increases with age: "For example, people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk for severe illness from COVID-19 is among those aged 85 or older." *See Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited April 26, 2021). Indeed, "8 out of 10 COVID-19 deaths reported in the U.S. have been in adults 65 years old and older." *Id.*

3

Case No. 18-CR-00048-LHK-7
ORDER DENYING COMPASSIONATE RELEASE

1    According to BOP medical records included in Defendant's reply brief, Defendant suffers
2  from posttraumatic stress disorder, major depressive disorder, an anxiety and mood disorder,
3  gastroesophageal reflux disease, congestive heart failure, hyperthyroidism, and pain in her
4  abdomen.  Reply Exh. A.  As noted in Defendant's PSR, Defendant also has a history of substance
5  abuse.  PSR ¶¶ 106-109.  The Court notes that the CDC identifies heart failure and substance use
6  disorders as medical conditions which may increase a person's risk of severe illness from COVID-
7  19.  *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-
8  ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 26, 2021).

9    None of Defendant's other conditions are identified by the CDC as medical conditions
10 which increase or may increase a person's risk of severe illness from COVID-19.  *Id.*  Defendant
11 has gallbladder surgery scheduled on May 31, 2021 to address the pain in her abdomen.  Reply
12 Exh. A.  Defendant's gastroesophageal reflux disease is well-controlled with medication.  *Id.*
13 Defendant is medicated for her anxiety and mood disorder, and her medical records reflect that the
14 medication is helping.  *Id.*

15    Significantly, Defendant already contracted and recovered from COVID-19 in December
16 2020.  Mot at 11; Opp'n Exh. 1 at 1.  The government contends that Defendant's concern that her
17 medical conditions would cause severe illness or death from COVID-19 is belied by her recovery.
18 Opp'n at 9.

19    Moreover, Defendant received the first dose of the Moderna COVID-19 vaccine on March
20 30, 2021.  Opp'n Exh. 1 at 3.  Defendant should receive her second dose of the Moderna vaccine
21 tomorrow, April 27, 2021, which is four weeks from her first dose.  According to the CDC, the
22 Moderna vaccine is safe and effective and prevents 94.1% of COVID-19 infections in clinical
23 trials.  *See Information About the Moderna COVID-19 Vaccine*, CDC,
24 https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last
25 visited April 26, 2021).

26    Furthermore, the risk of COVID-19 at FCI Dublin, Defendant's place of incarceration, is
27 decreasing because FCI Dublin is administering the vaccine to willing staff members and inmates.

*See* https://www.bop.gov/coronavirus/ (last accessed April 26, 2021).  As of the date of this order, 159 staff members and 54 inmates at FCI Dublin have completed their full COVID-19 vaccinations.  *Id.*  Defendant will join the number of fully vaccinated inmates tomorrow.

Defendant, who is 45 years old, recovered from COVID-19 last year, and will be fully vaccinated with the Moderna COVID-19 vaccine tomorrow, has failed to demonstrate extraordinary and compelling reasons justifying compassionate release.

**B.  The Section 3553(a) factors do not warrant sentence reduction in the instant case.**

The Court also denies Defendant's motion for compassionate release for another independent reason: "the factors set forth in section 3553(a)."  18 U.S.C. § 3582(c)(1)(A).  Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a).

On August 14, 2019, Defendant pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349.  *See* Minute Entry from Change of Plea Hearing, ECF No. 152; Indictment, ECF No. 1.  Defendant and her co-conspirators engaged in a bank fraud conspiracy, which resulted in over $16 million in attempted losses and over $11 million in actual losses.  PSR ¶¶ 20-21.  As to one victim, there were over 13,000 fraudulent transactions conducted with more than 3,400 access cards.  *Id.* ¶ 21.  Defendant was personally responsible for $6,457,058.21 in attempted losses and $4,345,304.23 in actual losses in this bank fraud conspiracy.  *Id.* ¶¶ 20, 28, 33.

Before the instant bank fraud conspiracy, Defendant had an extensive adult criminal history.  Specifically, Defendant suffered 18 convictions, including felony convictions for possession for sale of a controlled substance, first degree residential burglary, second degree

5

Case No. 18-CR-00048-LHK-7
ORDER DENYING COMPASSIONATE RELEASE

burglary, embezzlement, and forgery. PSR ¶¶ 55-72. Defendant committed the instant bank fraud conspiracy while on probation for her 2016 felony embezzlement conviction and for her 2017 felony forgery conviction. *Id*. ¶¶ 71-72, 74. At Defendant's November 27, 2019 sentencing, Defendant's total criminal history score was 20, which established a criminal history category VI. *Id*. ¶ 75.

Defendant agreed in a Federal Rule of Criminal Procedure 11(c)(1)(C) binding plea agreement that Defendant should be sentenced to imprisonment of not less than 84 months and not more than 115 months, followed by three years of supervised release. Plea Agreement at 7. Defendant's United States Sentencing Guidelines range was 92 to 115 months. PSR ¶ 118. The government requested a low-end sentence of 92 months. ECF No. 181. The United States Probation Office recommended, and Defendant requested, a downward variance to a sentence of 84 months. PSR at 29; ECF No. 182. On November 27, 2019, the Court sentenced Defendant to 84 months imprisonment. Judgment, ECF No. 189.

Defendant has been in federal custody since February 22, 2018. PSR ¶ 5. If Defendant qualifies for good time credits, Defendant's projected release date is February 23, 2024. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited April 22, 2021).

However, it is not clear that Defendant will qualify for good time credits because Defendant has violated prison rules while in custody. The government provided Defendant's BOP disciplinary record as an exhibit to its opposition to Defendant's motion. Opp'n Exh. 2. Defendant's record indicates that Defendant misused authorized medication on June 3, 2020. *Id.* Defendant was also found abusing the mail on July 7, 2020. *Id.*

Even assuming that Defendant qualifies for good time credits, Defendant's motion requests that she be released nearly three years early. The Third and Fifth Circuits have held that district courts may consider the length of time remaining on a defendant's sentence when determining whether to grant compassionate release. *See United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (holding that a district court did not abuse its discretion in denying compassionate

release based on the defendant's having served only 19 months of a 180 month sentence); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (holding that a district court did not abuse its discretion in denying compassionate release based, in part, on the defendant's having served only 14 years of a 30 year sentence). Moreover, United States District Judge Jon Tigar of the Northern District of California concluded that permitting compassionate release for a defendant who "has served only roughly 20 percent of his sentence . . . would not satisfy 'the need for the sentence imposed to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offense.' Nor would it 'afford adequate deterrence to criminal conduct' or adequately 'protect the public from further crimes of the defendant.'" *United States v. Furaha*, 445 F. Supp. 3d 99, 103 (N.D. Cal. 2020) (citation omitted) (original ellipses omitted) (quoting 18 U.S.C. § 3553(a)(2)(A)-(C)). United States District Judge Richard Seeborg of the Northern District of California has likewise held that, "[t]he length of the sentence remaining is an additional factor to consider in any compassionate release analysis," with a longer remaining sentence weighing against granting any such motion. *United States v. Connell*, No. 18-CR-00281-RS-1, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020).

Given all of the above, the Court finds that granting Defendant's motion for compassionate release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a).

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release.

**IT IS SO ORDERED.**

Dated: April 26, 2021

_____
LUCY H. KOH
United States District Judge

7

Case No. 18-CR-00048-LHK-7
ORDER DENYING COMPASSIONATE RELEASE